## McKee, Administrator, v. McKee et al.

*William S. Middleton*, for plaintiff; *Forest Mercer*, for defendants.

Fox, J., April 11, 1932.—This matter comes before us upon a motion for judgment for want of a sufficient affidavit of defense.

As disclosed by the plaintiff's statement, the claim is founded upon a promissory note made and delivered by the defendants to Mary W. McKee, now deceased, the action being brought by the administrator c. t. a. of her estate.

The affidavit of defense admits the making and delivery of the note by the defendants, but avers that on or about May 15, 1927, while the said decedent had her home with the defendants, she orally agreed with the defendants that in consideration of the furnishing of a home for her by the defendants, and the services rendered to her by them and their doing so in the future as long as she desired, the principal of the note in suit would thereby be paid, and upon the payment of interest to the said payee up to the date of her death, the said note should then be considered paid, canceled and returned to the defendants.

One of the objections to the affidavit of defense is that the defendants do not comply with the provisions of the Practice Act of May 14, 1915, P. L. 483, in pleading their defense. We think this objection is good. It is new matter and under the provisions of the Practice Act, as amended by the Act of April 22, 1929, P. L. 627, the defendants should answer the averments of the statement of claim and then set out their new matter under the heading "new matter."

At the argument of the case counsel for defendants stated that if the court regarded this as new matter, he desired to amend the affidavit of defense. We do so regard it: 49 C. J. 294, § 361.

Being of this opinion, the defendants are given ten days to file a supplemental affidavit of defense in accordance with the views herein expressed or judgment.

From Homer L. Kreider, Harrisburg, Pa.